## GLENN *v.* FANT.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 357.  Argued March 11, 1890. — Decided March 24, 1890.

A stipulation was filed in this cause to the effect that the court should consider the cause as if the general issue and other named pleas had been pleaded and issue joined; that the cause should be heard upon " an agreed statement of facts annexed with leave to refer to exhibits filed therewith;" and that the cause might be submitted to the court to decide on such statement, exhibits and pleadings. No bill of exceptions was taken, there was no finding of facts by the court below, nor was any case stated by the parties, analogous to a special verdict, stating the ultimate facts, and presenting questions of law only; *Held*, that this stipulation could not be regarded as taking the place of a special verdict, or a special finding of facts, and that this court had no jurisdiction to determine the questions of law thereon arising.

THIS was an action at law commenced in the Supreme Court of the District of Columbia by the plaintiff in error against the defendant in error on the 11th day of December, 1883, to recover certain amounts, for the payment of which the defendant was alleged to be liable upon an assessment levied on shares of stock in the National Express and Transportation Company of Virginia, held by him.

The defendant demurred to the declaration, but subsequently it was agreed that the demurrer should be overruled,

and a stipulation was filed to the effect that the court should consider the cause as if there had been pleaded the general issue and certain other pleas in the stipulation named, and as if issue had been joined thereon; that the cause should be heard upon an "agreed statement of facts," annexed as part of the stipulation, with leave to any party to refer to Exhibits X and Y, therewith filed; that a jury was thereby waived; that the cause might be submitted to the court to hear and decide upon said agreed statement of facts, exhibits and pleadings; and that either party might "rely upon any and all grounds of action or defence arising from said agreed statement of facts, exhibits and pleadings." The statement referred to was to the effect that the defendant was a subscriber for and assignee of the number of shares of the capital stock of the National Express and Transportation Company of Virginia in respect of which he was sued; that a certain deed of trust was as set forth in the record, therewith filed, marked Exhibit X; that Exhibit X was the record of a certain cause between W. W. Glenn and the National Express and Transportation Company of Virginia, in the Chancery Court of the city of Richmond, in the State of Virginia, afterwards removed into the Circuit Court of Henrico County, Virginia; and that on the 8th day of August, 1866, one Reynolds, claiming to be a stockholder of said company, filed his bill against said company in the Circuit Court of the United States for the Eastern District of Virginia, and certain proceedings were therein had, as would appear from the record in that cause, filed and marked Exhibit Y. It was agreed that the laws of the State of Virginia might be referred to as a part of the statement of facts, and certain other matters of fact were set forth, not material to be repeated here.

The cause came on at special term, the demurrer was overruled, and the stipulation filed "with an agreed statement of facts thereto annexed, and with exhibits, marked 'X' and 'Y,'" and thereupon the cause was certified to the general term of the court to be heard there in the first instance, "upon said stipulation and agreed statement of facts thereto annexed and exhibits therewith filed and the pleadings, in accordance

with the provisions of the stipulation aforesaid." A hearing was accordingly had at general term, and judgment rendered in favor of the defendant with costs, and the plaintiff sued out a writ of error from this court.

Mr. *Charles Marshall* and Mr. *John Howard* for plaintiff in error. Mr. *Henry Wise Garnett* and Mr. *Conway Robinson, Jr.*, also filed a brief for plaintiff in error.

Mr. *Walter D. Davidge* and Mr. *Martin F. Morris* for defendant in error. Mr. *Eugene Carusi* and Mr. *Reginald Fendale* were also on the brief for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

No bill of exceptions was taken in this case, nor was there any finding of facts by the Supreme Court of the District of Columbia, nor any case stated by the parties analogous to a special verdict and stating the ultimate facts of the case, presenting questions of law only. What is styled here an "agreed statement of facts" is an agreement as to certain matters, and that the parties might refer to and rely upon any and all grounds of action or defence to be found in two voluminous exhibits, marked X and Y, being the records of two equity causes in other courts, including all the pleadings and evidence, as well as the orders and decrees therein. The effect of some of that evidence and of the conclusions of fact to be drawn from it is controverted. It is impossible for us to regard this stipulation as taking the place of a special verdict of a jury, or a special finding of facts by the court, upon which our jurisdiction could properly be invoked to determine the questions of law thereon arising. And while the case is governed by the rule laid down in *Campbell* v. *Boyreau,* 21 How. 223, yet, even if the statutory provisions in relation to the trial of causes without the intervention of a jury by the Circuit Courts of the United States were applicable, the result upon this record would be the same. *Raimond* v. *Terrebonne Par-*

*ish*, 132 U. S. 192; *Andes* v. *Slauson*, 130 U. S. 435; *Bond* v. *Dustin*, 112 U. S. 604; *Lyons* v. *Lyons Bank*, 19 Blatchford, 279.

The judgment must be

*Affirmed.*