## JACKSON *v.* EMMONS.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 157. Submitted February 2, 1900. — Decided February 26, 1900.

On motion of the plaintiff made after commencement of the trial of this case, a juror was withdrawn, the remaining jurors were dismissed, and leave was given to the plaintiff to amend his declaration within a time named, and the case was continued for the term. Subsequently, on motion of the defendants' attorney, made after notice to plaintiff, the time within which the amendment could be filed was enlarged, and the plaintiff was ordered to pay the costs of the term in which the juror was withdrawn. The plaintiff declined to pay those costs and the court dismissed the case. *Held* that the trial court erred in so doing, as whatever conditions or rights the defendants were entitled to in consequence of the plaintiff's motion should have been asserted and adjudged when that motion was made.

THE statement of the case will be found in the opinion of the court.

*Mr. Joseph J. Waters* for plaintiff in error.

*Mr. William F. Mattingly* for defendants in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is an action for damages. The ground of it is injuries to the wife of the plaintiff in error, and to his house by blasting rock near the latter.

The allegation is that "by such blasting" the defendant "unlawfully and forcibly, with great and dangerous violence, threw large and heavy pieces of said rocky formation from time to time into the premises . . . and near said ground occupied and held by said plaintiff under a yearly ground rent, with other rights and privileges, and against the house and habitation on said premises, which house was and is owned by said plaintiff, and was used and occupied during said period by said plaintiff and his family as a dwelling."

Damages are laid at six thousand dollars.

The defendant's plea is not guilty; and further, that the cause of action did not accrue within three years.

The case came on to trial before a jury, and the record shows that on December 8, 1897, "after a partial hearing of the case, the plaintiff by leave of the court withdraws a juror, and the remaining jurors are discharged from further consideration of the case, with leave to amend his declaration as advised within twenty days, and the case is continued for the term."

Subsequently, on motion of the attorney for the defendants, and after notice to plaintiff, the order limiting plaintiff's time to amend was rescinded, and he was given twenty days from the seventh of January, 1898, to amend his declaration, and was ordered to pay the costs of the term in which the juror was withdrawn.

On the 27th of January the plaintiff served on the defendants' attorney the following notice:

"1225 31ST STREET, Jan. 27, 1898.
"WM. F. MATTINGLY, Esq.,
Atty. for Geo. E. Emmons, etc.

"We intended in good faith to change or 'amend' our declaration in the case of Jackson v. Emmons and Smith, so

as to avoid unnecessary appeals, but the 'amendment' since made to the leave giving us, (at your request,) compelling us to pay unexpected costs, induces us to elect not to amend now, especially as on further investigation we are confirmed in the opinion that Jackson is the legal owner of the house he complains of as damaged; so please notice that we stand upon our declaration now as originally filed.

"Very respectfully yours,

"J. J. Waters,

"<em>Atty. for Robt. Jackson.</em>"

On March 8, 1898, the defendants gave notice that they would move "the court to dismiss the suit or to take such other action in the premises as may be lawful and proper."

And on the 25th of March the following order was made:

"The plaintiff though granted leave to amend his declaration on the 7th day of January, 1898, within twenty days, and that he pay the costs of the October term, 1897, has not so amended or paid said costs, and it appearing upon the records that the plaintiff declines to so amend, therefore the defendants move the court to dismiss this suit, which is granted; therefore it is considered that the plaintiff take nothing by suit, and that the defendants go thereof without day and recover against the plaintiff their costs of defence, to be taxed by the clerk, and have execution thereof. Penalty of bond on appeal fixed at $50.00."

On March 26, 1898, the plaintiff moved the court to vacate the order of dismissal, and supported it by an affidavit of what had transpired at the trial inducing his action of withdrawing a juror and taking the order to amend his declaration. It is also stated that "Afterwards, before plaintiff's time to amend had expired, defendants moved to compel him to pay costs of the past term, being $19.70, as given by the clerk of the court, as a condition of amending, and affiant wished time to see if his client could comply with this when required by the court, so as to avoid controversy, but, finding his client could not comply in time, as said client is very poor and a colored laborer and that it was not necessary to his

case to amend, affiant elected not to do so, and to avoid misunderstanding so informed defendant's counsel by the letter he exhibits with his motion to dismiss."

The motion to vacate the order dismissing the case was denied, and the plaintiff took an appeal to the Court of Appeals, which affirmed the ruling of the lower court, and this appeal was then taken.

The trial court erred in dismissing the case. If the original order granting leave to amend had been made conditional upon the payment of costs the plaintiff might or might not have accepted it. To decline to amend afterwards upon conditions which were not exacted or even, as far as the records show, were not contemplated, cannot be charged against him as misconduct. Indeed, there is no question of his good faith, and whatever conditions or rights the defendant was entitled to in consequence of the motion should have been asserted and adjudged when the plaintiff's motion was made. If such rights had been asserted the plaintiff would have had a choice of yielding or not yielding to them, which afterwards could not be exercised.

*We think, therefore, the judgment of the Court of Appeals should be reversed with costs, and the cause remanded with directions to reverse the judgment of the Supreme Court, and it is so ordered.*