WILSON *v.* MERCHANTS' LOAN & TRUST CO. OF CHICAGO.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH
CIRCUIT.

No. 67.　Argued October 29, 30, 1901.—Decided December 2, 1901.

An agreed statement of facts which is so defective as to present, in addition to certain ultimate facts, other and evidential facts upon which a material ultimate fact might have been but which was not agreed upon or found, cannot be regarded as a substantial compliance with the requirements of Rev. Stat. § 649 and of Rev. Stat. § 700.

THE statement of facts will be found in the opinion of the court.

*Mr. Delevan A. Holmes* for plaintiff in error. *Mr. W. E. Mason* was on his brief.

*Mr. John N. Jewett* for defendant in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The plaintiff in error brings this case here to review a judgment of the United States Circuit Court of Appeals for the Seventh Circuit, 98 Fed. Rep. 688, affirming a judgment of the District Court of Illinois in favor of the defendant. The plaintiff in error is the receiver of the First National Bank of Helena,

Montana, and brought this action against the defendant to enforce an assessment of 100 per cent ordered by the Comptroller of the Currency on all owners of shares in that bank. In his declaration the plaintiff, after alleging the organization of the bank, his appointment as receiver and the assessment by the Comptroller, averred that "the Merchants' Loan and Trust Company, a corporation, at some time between the first day of December, 1894, and first day of June, 1895, (the exact date being to plaintiff unknown,) purchased and became the owner of 120 shares of the capital stock of said First National Bank of Helena, Montana, of the par value of one hundred dollars each, and continued to be and was at the time said bank suspended and ceased to do business the real owner of the same; but in order to evade the responsibility imposed by law upon the shareholders in said bank caused said shares to be placed on the books of said bank in the name of P. C. Peterson, one of its employés, in whose name said shares appeared on the said books at the time of said failure. And the plaintiff avers that the said Peterson was at the time said stock was issued to him as aforesaid and at the time of the failure of said bank, a person of small means and not responsible financially."

The plaintiff demanded judgment for the sum of $12,000, being $100 on each share of the stock in the bank owned (as alleged) by the defendant.

As one of several defences to the action, the defendant pleaded that the plaintiff ought not to maintain his action "because it says that it did not, at any time between the first day of December, 1894, and the first day of June, 1895, or at any other time, purchase or become the owner of one hundred and twenty shares of the capital stock of the said First National Bank of Helena, Montana, or any share or shares of the capital stock of said bank, and of this the said defendant puts itself upon the country," etc.

Under these pleadings the plaintiff, of course, had the burden of proving ownership of the stock by the defendant.

The parties waived a trial by jury and entered into the following stipulation:

"It is hereby stipulated and agreed between the parties

herein that trial by jury in this case be waived; that this cause may be submitted to the Honorable Christian C. Kohlsaat, judge of this court, upon the foregoing statement of facts, duly signed by the attorneys of the parties respectively, and that for the purpose of such trial the said statements of facts shall be taken as absolutely true, and shall be taken and considered as all the facts concerning the transactions therein referred to, subject to any and all objections which might properly be urged to the competency or materiality of any part thereof."

Upon the trial before the court, without a jury, the statement of facts as agreed upon between the parties was put in evidence, and such statement contained all the evidence in the case, which was thereupon submitted to the court for its decision. The court made no special findings of facts but made a general finding of the issues for the defendant, embodied in a judgment which was entered as follows:

"Now come the parties by their attorneys, and thereupon a jury is waived by written stipulation, and this cause is submitted to the court for trial, and the court having heard the evidence and arguments of counsel, and being now fully advised, finds the issues for the defendants, to which finding the plaintiff excepts, and thereupon the plaintiff enters his motion for a new trial, which is heard and overruled, to which ruling the plaintiff excepts. It is thereupon considered and adjudged by the court that the defendants recover of the plaintiff their costs in this behalf to be taxed and that execution issue therefor, to which judgment the plaintiff then and there excepts."

The statement of facts agreed upon and filed in the court was subsequently allowed as a bill of exceptions. There was no exception taken to any fact contained in this statement, nor in the progress of the trial, nor was there any request to find other special facts. The only exception taken was to the general finding of the court in favor of the defendant. From this agreed statement of facts it appears that on April 15, 1893, the defendant loaned to one Ashby of Helena, Montana, $12,000, and took his note in the usual form payable on August 16, 1893. As collateral security for the payment of the note at maturity, Ashby signed in blank and delivered to the defendant a certificate rep-

resenting 150 shares of the capital stock of the Helena National Bank of Helena, Montana. The note taken for the loan was of the kind usually termed a collateral note, and authorized the sale of the collateral deposited as security therefor upon default in the payment of the note. At the time of the loan Ashby was president of the Helena National Bank. On July 26, 1893, Ashby made a general assignment for the benefit of his creditors, and among the property assigned by him was the certificate for 150 shares of the capital stock of the Helena National Bank, described by the assignor as then held by the Merchants' Loan and Trust Company in pledge. About the date of the assignment Ashby resigned the presidency of the Helena National Bank. In the summer of 1894 the Ashby note still remained unpaid, and the certificate of stock remained in the possession of the defendant, no transfer thereof being made upon the books of the bank. Later in the year 1894 the parties in interest in Helena proposed to consolidate the Helena National Bank with the First National Bank of Helena, and the consent of a sufficient number of shareholders in the bank was obtained before the defendant was asked to consent to the transfer of the shares held by it in pledge, on the same terms upon which the owners of shares in the Helena National Bank had agreed to a consolidation of the two banks, by taking shares in the First National Bank of Helena in exchange for their shares in the Helena National Bank, at the rate of 80 per cent of new shares in exchange for the old. In response to such request the defendant sent the certificates for the 150 shares in the Helena National Bank to the president of that bank. In exchange therefor certificates for 120 shares of stock in the First National Bank of Helena were sent to the defendant, the shares being entered, at request of defendant, on the books of the bank and in the certificates, in the name of P. C. Peterson, an employé of the defendant. Subsequently, the First National Bank of Helena went into the hands of a receiver, who found the 120 shares standing on its books in the name of Peterson. The receiver, after the assessment was made, commenced this action against the defendant trust company, alleging that it was the real owner of the stock, and that

it stood in the name of Peterson for the purpose of enabling the defendant to evade liability as owner.

The note remains unpaid, although two small payments on account have been made by the assignee of the maker since the assignment.

It is part of the statement agreed upon that the original shares of stock were placed in defendant's possession simply as a pledge or collateral security for the payment of the note made by Ashby, and the certificates which have been substituted for them, as already mentioned, "have ever since been and now are in the possession and control of the defendant, and are held by it in the same way and for the same purpose as the certificates for one hundred and fifty shares of the capital stock of the Helena National Bank were originally held, except as the conditions may have been changed by the facts hereinbefore stated, but that neither the defendant nor the said Peterson ever took any part in the management of either of said banks or participated in the administration of their affairs." The "facts hereinbefore stated" consisted not only of those which have been given above, but also of correspondence between the officers of defendant and the officers of the Helena National Bank and the assignee of the pledgor Ashby, which is set out in the agreed statement.

This statement has been referred to for the purpose of understanding the materiality of certain facts not found or agreed upon, the failure to do which prevents our use of the statement in the decision of the case. The contention of the plaintiff herein is that the substitution of the original stock for that of the First National Bank of Helena was made without the consent of the pledgor, and amounted to a conversion of the stock and made the defendant, when it took the shares of stock in the consolidated bank, the owner thereof, and rendered it liable to assessment as such owner; notwithstanding the fact that the stock was entered and remained on the books of the bank and in the certificate issued by the bank, in the name of Peterson, as owner.

Aside from the question whether the defendant had or had not the right as pledgee of the stock in the Helena National

Bank to cause the same to be transferred into shares of the other bank after a majority of the stockholders had consented to a consolidation, it would seem that if Ashby, the owner, had himself consented to the arrangement, or subsequently ratified it, the substituted stock would remain under the same terms and conditions as attached to the original stock, and it would be simply a pledge to and not an ownership of stock by the defendant, and as the stock never stood in the name of the defendant, the case would be governed by that of *Pauly* v. *State Loan & Trust Company*, 165 U. S. 606, and the cases there cited, and *Jackson* v. *Emmons*, 176 U. S. 532.

The difficulty we meet, which prevents the decision of the case from resting on the statement of facts, lies in the omission therefrom of any finding or agreement upon the question of fact whether the pledgor had or had not consented to the change, and instead of any such finding or agreement there is placed in the statement certain correspondence from which, together with other facts stated, an inference of consent or perhaps ratification might be drawn, but is not found or agreed upon, thus leaving the ultimate fact of consent or non-consent a matter of inference, and an inference of fact and not of law, and this is a material fact arising upon the statement as agreed upon.

Neither is there any finding upon the question of the consent of the assignee of the pledgor, to the substitution of the stock, or upon the question of ratification by him. There are facts from which the consent or ratification might be inferred, or the contrary, but there is no finding of any ultimate fact regarding the matter.

The result of the decisions under the statutes providing for a waiver of trial by jury, and the proceedings on a trial by the court, Rev. Stat. § 649, and Rev. Stat. § 700, is that when there are special findings they must be findings of what are termed ultimate facts, and not the evidence from which such facts might be but are not found. If, therefore, an agreed statement contains certain facts of that nature, and in addition thereto and as part of such statement there are other facts of an evidential character only, from which a material ultimate fact might be

inferred, but which is not agreed upon or found, we cannot find it, and we cannot decide the case on the ultimate facts agreed upon without reference to such other facts. In such case we must be limited to the general finding by the court. We are so limited because the agreed statement is not a compliance with the statute.

As to what is necessary in special findings or in an agreed statement of facts, the authorities are decisive. It is held that upon a trial by the court, if special findings are made, they must be not a mere report of the evidence, but a finding of those ultimate facts on which the law must determine the rights of the parties, and if the finding of facts be general, only such rulings of the court, in the progress of the trial, can be reviewed as are presented by a bill of exceptions, and in such case the bill cannot be used to bring up the whole testimony for review any more than in a trial by jury. *Norris* v. *Jackson*, 9 Wall. 125.

In this case the finding is general, and, strictly construing the statute, the only questions which would be reviewable would be those questions which arose during the progress of the trial, and which were presented by bill of exceptions. It has, however, been held that where there was an agreed statement of facts submitted to the trial court and upon which its judgment was founded, such agreed statement would be taken as an equivalent of a special finding of facts. *Supervisors* v. *Kennicott*, 103 U. S. 554. But as such equivalent, there must of course be a finding or an agreement upon all ultimate facts and the statement must not merely present evidence from which such facts or any of them may be inferred.

An exception to a general finding of the court on a trial without a jury brings up no question for review. The finding is conclusive, and there must be exceptions taken to the rulings of the court during the trial in order to permit a review thereof. *Insurance Company* v. *Folsom*, 18 Wall. 237.

In *Martinton* v. *Fairbanks*, 112 U. S. 670, which was a trial before the judge without the intervention of a jury and where there was only a general finding of facts and a judgment for the plaintiff below, the court decided that an exception to the

general finding of the court for the plaintiff upon the evidence adduced at the trial presented no question of law which the court could review. In that case there was no agreed statement of facts.

Here, although there is a general finding in favor of the defendant, yet there is a statement of facts which contains certain ultimate facts together with certain other facts evidential in their nature from which an important and ultimate fact might be inferred, but in regard to which there is no agreement or finding whatever. In such case it would not be proper to regard the agreed statement as a sufficient finding of ultimate facts within the statute.

In *Raimond* v. *Terrebonne Parish*, 132 U. S. 192, it was said that the agreed statement of facts by the parties or a finding of facts by the Circuit Court must state the ultimate facts of the case, presenting questions of law only, and not be a recital of evidence or of circumstances which may tend to prove the ultimate facts or from which they may be inferred.

In *Glenn* v. *Fant*, 134 U. S. 398, there was a stipulation that the case should be heard upon an agreed statement of facts annexed, with leave to refer to exhibits filed therewith. It was held that the stipulation could not be regarded as taking the place of a special verdict or of a special finding of facts, and that the court had no jurisdiction to determine the question of law arising thereon.

It is true there was no bill of exceptions in that case, but the bill in this case presents no exception taken during the progress of the trial, and only contains an exception to the conclusion of the trial court in ordering judgment upon the issues in favor of the defendant.

*Lehnen* v. *Dickson*, 148 U. S. 71, 77, decided that any mere recital of the testimony, whether in the opinion of the court or in a bill of exceptions, could not be deemed a special finding of facts within the scope of the statute; and if there were a general finding and no agreed statement of facts, the court must accept that finding as conclusive and limit its inquiry to the sufficiency of the complaint and to the rulings, if any be preserved on questions of law arising during the trial. The court, in the opinion written by Mr. Justice Brewer, said:

"But the burden of the statute is not thrown off simply because the witnesses do not contradict each other, and there is no conflict in the testimony. It may be an easy thing in one case for this court, when the testimony consists simply of deeds, mortgages or other written instruments, to make a satisfactory finding of the facts, and in another it may be difficult when the testimony is largely in parol, and the witnesses directly contradict each other. But the rule of the statute is of universal application. It is not relaxed in one case because of the ease in determining the facts, or rigorously enforced in another because of the difficulty in such determination. The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts."

In *St. Louis* v. *Western Union Telegraph Company*, 166 U. S. 388, it was held that the special finding of facts referred to in the acts allowing parties to submit issues of fact in civil cases to be tried and determined by the court is not a mere report of the evidence, but a finding of those ultimate facts, upon which the law must determine the rights of the parties, and if the finding of facts be general, only such rulings made in the progress of the trial can be reviewed as are presented by a bill of exceptions, and in such case the bill cannot be used to bring up the whole testimony for review any more than in a trial by jury.

We now hold, in accordance with the authorities, that an agreed statement of facts which is so defective as to present, in addition to certain ultimate facts, other and evidential facts upon which a material ultimate fact might have been but which was not agreed upon or found, cannot be regarded even as a substantial compliance with the statute. Being concluded by the general finding of the issues in favor of defendant, there is no error in the record, and the judgment must be

*Affirmed.*