### CORLISS v. PULASKI COUNTY.

#### (Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

#### No. 843.

**1. TRIAL TO COURT—FINDING OF FACTS.**

The finding of a circuit court upon the facts in an action tried without a jury, under Rev. St. § 649, may be either general or special, but cannot be both; and where a general finding was made, upon which judgment was rendered, the court was without authority to subsequently sign special findings and embody the same in the bill of exceptions, when there had been no order vacating the general finding or judgment thereon, and in such case the general finding must stand as that of the court.

**2. SAME—REQUISITES OF SPECIAL FINDING.**

A special finding of facts should declare all the ultimate facts determining the issues and essential to support the judgment. It should be complete in itself, unaided by reference to bill of exceptions, and should not contain any statement of the evidence, though it may refer to documents set out in the pleadings, or otherwise in the record.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

This is an action to recover upon certain bonds issued by the county of Pulaski to the Cairo & Vincennes Railroad Company on October 7, 1872, and upon certain coupons for interest thereon. A plea of the general issue was filed, with a stipulation that all proper defenses might be made thereunder as if pleaded by way of special plea, and issue joined thereon. The cause was by stipulation tried to the court without a jury, and on June 23, 1901, the court found generally the issues for the defendant, and entered judgment accordingly. Afterward, on August 8, 1901, at the same term, there was filed with a bill of exceptions a special finding as follows:

"The court, having heard all the evidence offered by the respective parties in the above case, and considered the same, made the following special findings of facts:

"First. That all of the bonds and coupons introduced in evidence are of the same tenor and effect, with the exception of the numbers thereon and the amounts of some of the coupons, and have the same recitals.

"Second. That the bonds Nos. 17, 133, 134, 135, 136, and 137, and the coupons attached thereto and detached therefrom, mentioned in the declaration, bear date October 17, A. D. 1872, and are part of an issue of $95,000 to the Cairo & Vincennes Railroad Company by defendant.

"Third. That the records of Pulaski county offered and received in evidence with reference to the issue of said bonds and coupons by defendant county are unimpeached, and the matters and things stated therein are specially found to be true.

116 F.—19

"Fourth. That the $100,000 subscription to the capital stock of the Cairo & Vincennes Railroad Company voted by the county of Pulaski was never actually made on the books of the company, but sold to the county, before the bonds were issued, for $5,000.

"Fifth. That on the 4th day of March, 1872, the county court of Pulaski county entered an order upon its records to issue $95,000 of the bonds of said county, with coupons attached, to the Cairo & Vincennes Railroad Company, and waive the actual issue of stock of said railroad company to said county in payment of the county's subscription to the stock of said company voted at an election held on the 5th day of November, A. D. 1867, and that said bonds and coupons were issued pursuant to said order, and that no stock of said railroad company was issued to said county of Pulaski, defendant.

"Sixth. That there was ample legislative authority for the issue of said bonds and coupons in controversy in the acts of the legislature recited on the bonds under which they were issued, to wit, an 'Act to incorporate the Cairo & Vincennes Railroad Company,' approved March 6, 1867 (2 Priv. Laws 1867, p. 558), and under the provisions of an act to amend said act, approved February 9, 1869 (3 Priv. Laws 1869, p. 259).

"Seventh. That the recitals on the bonds are that they are issued pursuant to an order of the county court of said county authorized by a majority of the legal votes cast at an election held in said county pursuant to law on the 5th day of September, A. D. 1867.

"Eighth. That the bonds and coupons involved in this suit were a part of the issue of $95,000 to the Cairo & Vincennes Railroad Company in part payment of its subscription voted to the stock of that railroad company November 5, 1867, and were registered by the state auditor December 19, 1872, under the provisions of an act entitled an 'Act to fund and provide for paying the railroad debts of counties, townships, cities and towns,' approved April 16, 1869 (Pub. Laws 1869, p. 316).

"Ninth. That the plaintiff is presumed, in law, to be a bona fide holder and owner of the bonds and coupons, but the affidavits offered in proof of bona fide holding and ownership, not being depositions taken in due form, are considered inadmissible.

"Tenth. That some of the coupons of the plaintiff herein, from the transcript in the Post v. Pulaski Co. Case [1 C. C. A. 405, 49 Fed. 628], appearing to have been adjudicated in that case, all questions as to the validity of plaintiff's bonds and coupons are res adjudicata."

For reasons aforesaid, plaintiff moved the court for a new trial; but the court overruled the motion for a new trial, and gave judgment upon its said findings, and in accordance therewith in favor of the defendant for costs of suit, to all of which plaintiff then and there severally and respectively objected and excepted. And inasmuch as the foregoing matters do not appear of record, plaintiff tenders this its bill of exceptions and special findings of the court, and asks that it may be signed and sealed by the court, and made a part of the record in this case, and it is accordingly done within the time allowed by the court.

Geo. A. Sanders, for plaintiff in error.

L. M. Bradley, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). The finding of the trial court upon the facts may be "either general or special." Rev. St. § 649. It cannot be both. British Queen Min. Co. v. Baker Silver Min. Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Austin v. Hamilton Co., 22 C. C. A. 128, 76 Fed. 210; Wesson v. Saline Co., 20 C. C. A. 227, 73 Fed. 917. Here the court rendered a general finding for the defendant below, upon which judgment was entered. Some two months thereafter, but at the same term, the trial

judge signed a bill of exceptions, and also a paper purporting to be a special finding, which embodies as well the recital of a motion for a new trial, and of the judgment previously rendered, and of the exceptions taken to the action of the court. This is wholly without authority of law. There was no order vacating the former action of the court, and substituting the special for the general finding, and then entering judgment thereon. The general finding and the judgment stand unimpeached, not set aside or superseded by the subsequent special finding. The judgment was rendered upon the general, not upon the special, finding. The latter accompanies, and is manifestly a part of, the bill of exceptions. A practice such as this tends toward confusion, and cannot be sustained. The rule of the statute is simple. The finding must be general or special, not both. With a general finding nothing is presented for review but questions apparent upon the record, or those arising at the trial, if properly reserved by exception. The special finding should declare all the ultimate facts determining the issues, and essential to support the judgment. It should be complete in itself, unaided by reference to bill of exceptions; but documents set out in the pleadings or otherwise in the record may be referred to without recopying (Wesson v. Saline Co., supra), and should not contain any statement of the evidence (Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Raïmond v. Terrabonne Parish, 132 U. S. 192, 10 Sup. Ct. 57, 33 L. Ed. 309; Glenn v. Fant, 134 U. S. 398, 10 Sup. Ct. 583, 33 L. Ed. 969; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; St. Louis v. W. U. Tel. Co., 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044; Wilson v. Trust Co. [decided Dec. 2, 1901] 22 Sup. Ct. 55, 46 L. Ed. 113).

In the paper before us the first, third, and tenth findings are, under this rule, wholly insufficient, finding no ultimate fact, and are intelligible only when read in connection with the evidence, to which we have not right for that purpose to refer. The sixth and ninth findings are of mere conclusions of law. We greatly doubt if the special finding—assuming that we may properly consider it—is sufficient to sustain the judgment rendered, or could sustain a judgment for either party. It does not, however, supersede the general finding, if it may be held to qualify it in respect of any ultimate fact found. The general finding cannot be disregarded. It must stand, and, standing, there is nothing presented for review.

The judgment is affirmed.