**W. L. PERKINS & CO. v. VON BAUMBACH, Collector of Internal Revenue.**

(Circuit Court of Appeals, Eighth Circuit.   January 12, 1911.)

No. 3,390.

TRIAL (§ 395*)—TRIAL BY FEDERAL COURT WITHOUT JURY—FINDINGS OF FACT —SUFFICIENCY.

> Where an action is tried by a Circuit Court without a jury under Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), and special findings of fact are made, which under the statute have the same effect as a special verdict of a jury, such findings must be of ultimate facts on which the law determines the rights of the parties, and a mere setting out of the testimony of a witness, with a statement that the court finds it to be true, is not a finding of fact which will support a judgment.

> [Ed. Note.—For other cases, see Trial, Cent. Dig. § 931; Dec. Dig. § 395.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by W. L. Perkins & Co. against Frederick Von Baumbach, Collector of Internal Revenue.   Judgment for defendant, and plaintiff brings error.   Reversed.

Edward C. Stringer (McNeil V. Seymour and Edward S. Stringer, on the brief), for plaintiff in error.

Charles C. Houpt, U. S. Atty., for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge.   Perkins & Co. commenced this action against Von Baumbach, as collector of internal revenue for the district of Minnesota, to recover $1,397 and interest for money paid to said collector under protest as tax and penalties for doing business as a wholesale and retail liquor dealer at certain points in North Dakota.   The issue made by the pleadings was as to whether certain sales of liquor by Perkins & Co. were made in Minnesota or North Dakota.   The action was tried to the court, a jury having been waived as provided by law.   On October 6, 1909, a judgment on the merits and for costs was rendered against Perkins & Co.   Prior to the ren-

dition of this judgment, there had been no finding of facts by the court, either general or special, so far as the records show. · On December 28, 1909, the court made and caused to be filed what is denominated as "findings of fact." These so-called· findings were not filed nunc pro tunc as of a date prior to the judgment, and it may be doubted whether this method of finding facts after judgment really gives stability to the judgment theretofore entered. For the purposes of this case, however, we will consider the so-called findings of fact in the record as having been properly found as to time.

The only question presented and argued is that the so-called findings of fact do not support the judgment rendered. We find ourselves unable to consider this question for the following reasons:

Section 649, Rev. St. U. S. (U. S. Comp. St. 1901, p. 525), reads as follows:

"Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

In cases tried to the court, if the finding is general, it has the same effect as a general verdict, and, when the finding is special, it has the same effect as a special verdict of a jury. In the case at bar, the court proceeded to state some of the facts which it found, and then said:

"As to shipments where the drafts were not paid and goods taken out, W. L. Perkins, Jr., a member and manager of the plaintiff company, testified as follows:"

The trial court then set forth the testimony of the witness, which covers nearly two pages of the printed record, and at the end thereof added the statement:

"And the court finds said testimony to be true."

This testimony bore directly upon the vital issue in the case. Whether there was other testimony to contradict it or support it we are not informed. This court cannot find the facts in an action at law. We can only act upon ultimate facts found by the trial court. The trial court found that the testimony of Perkins was true, but that is not making a finding of fact. It was simply a statement that the witness, in the opinion of the court, told the truth. If facts could be thus found, the whole testimony could be certified, with a statement by the court, appended to the testimony of each witness, that it was true or false. Manifestly no such practice can prevail. A special verdict of a jury, consisting partly of ultimate facts found and evidence from which facts might be found or inferred, certainly would not sustain a judgment, and the findings certified upon this record can have no greater effect. The language of section 649, Rev. St. U. S., above quoted, is plain, and the decisions of the court construing the same are not in conflict. In Wilson v. Merchants' Loan & Trust Company, 183 U. S. 126, 22 Sup. Ct. 55, 46 L. Ed. 113, Mr. Justice Peckham, in delivering the opinion of the court, said:

"The result of the decisions under the statutes providing for a waiver of trial by jury, and the proceedings on a trial by the court, Rev. St. §§ 649, 700

(U. S. Comp. St. 1901, pp. 525, 570), is that, when there are special findings, they must be findings of what are termed 'ultimate facts,' and not the evidence from which such facts might be, but are not, found."

Again, at page 127 of 183 U. S., at page 58 of 22 Sup. Ct. (46 L. Ed. 113), it was said:

"As to what is necessary in special findings or in an agreed statement of facts, the authorities are decisive.  It is held that upon a trial by the court, if special findings are made, they must be not a mere report of the evidence, but a finding of those ultimate facts on which the law must determine the rights of the parties."

The following authorities fully sustain the language above quoted: Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Insurance Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Raimond v. Terrebonne Parish, 132 U. S. 192, 10 Sup. Ct. 57, 33 L. Ed. 309; Glenn v. Fant, 134 U. S. 398, 10 Sup. Ct. 583, 33 L. Ed. 969; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; St. Louis v. Western Union Telegraph Co., 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044; Saltonstall v. Birtwell, 150 U. S. 419 ;† Stone v. United States, 164 U. S. 381, 17 Sup. Ct. 71, 41 L. Ed. 477; Mining Company v. Mining Company, 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Crewes v. Brewer, 19 Wall. 72, 22 L. Ed. 63.   See, also, the opinion of this court in Anglo-American Land M. & A. Company v. Lombard, 132 Fed. 733, 68 C. C. A. 89, where the same rule is stated and a large number of authorities cited.

We are therefore of the opinion that the purported findings of fact in the record do not satisfy the statute, and that we can do nothing but reverse the judgment and order a new trial; and it is so ordered.