# JOSÉ ROMERO FERNANDEZ, Plff.,

*v.*

# JAIME CALAF ET AL., Dfts.

San Juan, Law, No. 922.

### ON MOTION TO MAKE SPECIAL FINDING OF FACTS.

Application—When it Must be Made.

    1. An application for special finding of facts by the court which tries a law case without the intervention of the jury must be made when the case is submitted, or, at least, before a general finding is made. After a general finding it is too late to make an application for a special finding.

Practice—Recitals in Opinions to be Considered as Finding of Facts.

    2. The practice seems to be, in law cases tried by the court without the intervention of the jury, and in equity cases, to take the facts set forth in the opinion of the court as those proved in the case, which would seem to indicate that the opinion and its recitals are considered as in some sense a part of the case.

Opinion filed December 11, 1915.

*Messrs. E. B. Wilcox* and *Paul Charlton* for plaintiff.

*Messrs. Chas. Hartzell, F. H. Dexter,* and *Jorge Dominguez* for defendants.

HAMILTON, Judge, delivered the following opinion:

In this case the court on November 15, 1915, filed a full

opinion, reciting many facts upon which it was based, and at the end found the issue of title, the only one involved, in favor of the plaintiff. The judgment entry followed this wording, and is, therefore, general in its terms. A motion is now made to amend the entry so as to incorporate a special finding of fact under §§ 649 and 700 of Revised Statutes, Comp. Stat. 1913, §§ 1587, 1668, on the ground that special findings are necessary in order that the losing party may obtain a full review of the judgment. The case was submitted at the last term, but by agreement the actual decision has been at the present term.

1. There is no doubt the usual rule prevails, that the court can at the same term set aside or in any proper way modify a judgment or other entry. It is admitted that the application now under consideration is directed to the discretion of the court, and is not a matter of right. The court would like to facilitate the parties in a trial in every way possible. The question, however, is one in which both sides are interested, and in which the present motion is opposed.

It has been held that where a case is tried by the court a finding of facts may, by order of the court, be filed at a subsequent term. Ætna F. Ins. Co. v. Boon, 95 U. S. 117, 24 L. ed. 395. In that case it was held to be an amendment or correction of form, not of substance. The court considered the opinion which was filed as sufficient to amend by, although it was declared that the opinion was no more part of the record than the judge's minutes. It is added that "it seems altogether probable it was intended to be itself a special finding of facts." In the same case, however, it was declared that "there must be a finding of facts, either general or special, in order to authorize a judgment; and that finding must appear on the record. In

this case, there was no formal finding of facts when the judgment was ordered. It is to be inferred, it is true, from the judgment and from the entry of the clerk, that the issue made by the pleadings was found for the plaintiffs, but how,—whether generally or specially,—does not appear. There was, therefore, a defect in the record which it was quite competent for the court to supply by amendment; and such an amendment was made."

2. There is, therefore, the difference that in the case at bar there is already a finding, and what is now asked is not, as there, supplying a defect, but amending an entry already formally made. In this aspect of it the present case is more analogous to that of the British Queen Min. Co. v. Baker Silver Min. Co. 139 U. S. 222, 35 L. ed. 147, 11 Sup. Ct. Rep. 523, which says:

"This case was tried by the circuit court, without a jury, and under §§ 649 and 700, Rev. Stat. Comp. Stat. 1913, §§ 1587, 1668, the finding must be 'either general or special.' It cannot be both. Here there was a general finding.

"The record contains a bill of exceptions, but no exceptions to the rulings of the court in the progress of the trial of the cause were thereby duly presented; and although after reciting the evidence it is therein stated that 'the court thereafter and during the said term made the following findings of fact and judgment thereon,' which is followed by an opinion of the court assigning reasons for its conclusions, this cannot be treated as a special finding enabling us to determine whether the facts found support the judgment, nor can the general finding be disregarded."

The case was thereupon dismissed on the court's own motion.

Fernandez v. Calaf.

Light is thrown upon the subject also by the Berwind-White Coal Min. Co. v. Martin, 60 C. C. A. 27, 124 Fed. 313, where it is said:

"This case was tried by the court without the intervention of a jury. . . . The defendant presented a number of requests for special findings of fact and conclusions of law, but the court, without passing upon them, found generally that the plaintiff was entitled to recover. There can be no question as to the entire propriety of this course. The statute expressly provides that the finding of the court on the facts may be general or special, and you can no more compel the latter than you can require a special verdict from a jury. It is true that in Norris v. Jackson, 9 Wall. 125, 19 L. ed. 608, it is said that 'if the parties desire a review of the law involved in the case, they must . . . get the court to find a special verdict which raises the legal questions;' but it is not to be understood from this that it can be exacted, all that is meant being that the court should be persuaded to do so. Neither is the alternative, which is there suggested, of presenting propositions of law, and requiring the court to rule upon them, of any greater obligation. The right to this has been asserted without success in a number of cases, and the practice must now be considered as settled to the contrary. Mercantile Mut. Ins. Co. v. Folsom, 18 Wall. 237, 21 L. ed. 827," and a large number of other cases, are cited in support.

The court does not think that it can with propriety, where no special finding has been asked for at the trial, change the finding which is satisfactory to it, and which it has filed, so as to make it read any other way.

3. There is, however, this question for consideration. At

Fernandez v. Calaf.

the same time that the finding was made, and, in fact, as preliminary to it, the court delivered in this case an opinion based upon an exhaustive examination of the facts of the case, setting many of them out in full. There is no question that the court deemed these to be the facts which had been proved in the case, and expressly based its finding upon them. The practice of the Supreme Court seems to be to take the facts set out in the opinion as those proved in the case, which would seem to indicate that the opinion and its recitals are considered as in some sense a part of the case. This was done as lately as the case of Parker v. Monroig, 239 U. S. 83, 60 L. ed. 159, 36 Sup. Ct. Rep. 42, decided November 15, 1915. How this affects a finding of the issue generally, filed at the same time, is a matter of construction, with which the court thinks it best not to interfere. Whatever is the proper construction of the two facts is what the court meant, but that matter of construction is one for a higher court. Application for a special finding not having been made before the finding was had, the court does not think it should make any change in the record, and will leave the parties where it finds them. McGavock v. Woodlief, 20 How. 221, 225, 15 L. ed. 884, 885; Flanders v. Tweed, 9 Wall. 425, 428, 19 L. ed. 678, 679; Corliss v. Pulaski County, 53 C. C. A. 567, 116 Fed. 289.

The motion is therefore denied.