## DE PREVOST v. YOUNG.

WITHDRAWAL OF JUROR; AMENDED DECLARATION; NEW TRIAL.

One who has obtained leave to withdraw a juror after the evidence is taken, and have the jury discharged and to be permitted to amend the declaration, is not entitled to a new trial on the amended declaration where this is in substance the same as the original, and contains no additional material averments which, if true, would, on the issue, present a different state of facts for the consideration of the jury than that adduced on the original declaration. (Citing *Jackson* v. *Emmons,* 13 App. D. C. 269.) (Mr. Chief Justice SMYTH dissenting.)

No. 3092. Submitted March 6, 1918. Decided May 27, 1918.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia dismissing the case.      *Affirmed.*

The facts are stated in the opinion.

*Mr. Frank W. Hackett, Mr. Chauncey Hackett,* and *Mr. Tench T. Marye,* for the appellant, in their brief cited:

*Barney* v. *Schmeider,* 9 Wall. 248; *Baylis* v. *Travellers Ins. Co.* 113 U. S. 316; *Bond* v. *McNider,* 3 Ired. (N. C.) 440; *Caldwell* v. *Texas,* 137 U. S. 692; *Capital Traction Co.* v. *Hof,* 174 U. S. 1; *Castle* v. *Bullard,* 23 How. 172; *Coughran* v. *Bigelow,* 164 U. S. 301; *Craig* v. *Parish,* No. 2706, Oct. Term, 1914; *Crane* v. *Morris,* 6 Pet. 598; *DeWolf* v. *Raband,* 1 Pet. 476; *Elmore* v. *Grymes,* 1 Pet. 469; *Grieg* v. *Ware,* 25 Colo. 184; *Hodges* v. *Easton,* 106 U. S. 408; *Hovey* v. *Elliott,* 167 U. S. 409; *Parks* v. *Ross,* 11 How. 362; *Parsons* v. *Bedford,* 3 Pet. 433; *Pennoyer* v. *Neff,* 16 Wall. 733; *Pleasants* v. *Fants,* 22 Wall. 116, 120; *Rudolph* v. *Sensener,* 39 App. D. C. 386; *Schuchardt* v. *Allens,* 1 Wall. 359; *Slocum* v. *New York L. Ins. Co.* 228 U. S. 364; *Smolik* v. *Polk,* 44 App. D. C. 55; *Transportation Co.* v. *Pullman Palace Car Co.* 139 U. S. 24, 38; *Walker* v. *New Mexico, etc., R. R. Co.* 165 U. S. 596.

*Mr. Frederick DeC. Faust, Mr. Charles F. Wilson,* and *Mr. William C. Dennis,* for the appellee, in their brief cited:

*Adams* v. *Gillig,* 115 N. Y. Supp. 1001; *Balue* v. *Taylor,* 136 Ind. 517; *Banque Franco-Egyptienne* v. *Brown,* 34 Fed. 192; *Bullock* v. *Wooldredge,* 42 Mo. App. 356; *Burt* v. *Bowles,* 69 Ind. 7; *Cerny* v. *Paxton & G. Co.* — Neb. —, 10 L.R.A. (N.S.) 640, 110 N. W. 882; *Dawe* v. *Morris,* 149 Mass. 192, 21 N. E. 314; *Farrington* v. *Ballard,* 40 Barb. 512; *Farris* v. *Strong,* 24 Colo. 107, 48 Pac. 963; *Fisher* v. *New York Common Pleas,* 18 Wend. 608; *Fenwick* v. *Grimes,* 5 Cr. C. C. 603; *Gage* v. *Lewis,* 68 Ill. 604; *Gallagher* v. *Brunnell,* 6 Cow. 350; *Hubbard* v. *Long,* — Mich. —, 60 N. W. 50; *Jackson* v. *Emmons,* 13 App. D. C. 269, 176 U. S. 532; *Jackson & S. Co.* v. *Fay,* 20 App. D. C. 112; *Kitson* v. *Farwell,* 132 Ill. 337; *Kley* v. *Healy,* 127 N. Y. 561, 28 N. E. 593; *La Abra Silver Min. Co.* v. *United States,* 175 U. S. 423, 458; *Murphy* v. *Murphy,* 189 Ill. 360; *Peek* v. *Derry,* L. R. 37 Ch. Div. 541, on appeal L. R. 14 App. Cas. 337; *People* v. *Healy,* 128 Ill. 9; *Reagan*

v. *Hadley,* 57 Ind. 517; *Robinson* v. *Reinhart,* 37 Ind. 674, 36
N. E. 519; *Rodgers* v. *Virginia-Carolina Chemical Co.* (1906)
149 Fed. 13; *Sallies* v. *Johnson,* — Conn. —, 81 Atl. 974;
*Sawyer* v. *Prickett,* 19 Wall. 146; *Slocum* v. *New York L. Ins.
Co.* 228 U. S. 364; *Sweet* v. *Kimball,* 166 Mass. 335; *Swift* v.
*Rounds,* 19 R. I. 527, 33 L.R.A. 561, 35 Atl. 45; *Tufts* v. *Wine-
feldt,* 88 Wis. 647, 60 N. W. 992; *Williams* v. *Heard,* 140
U. S. 529, 537; *Younger* v. *Hoge,* 211 Mo. 444, 111 S. W. 20.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an action for deceit. At the trial, appellant, Teresa
O. De Prevost, plaintiff below, at the conclusion of the taking
of the testimony, apprehending an unfavorable verdict, asked
leave to withdraw a juror, to have the jury discharged, and to
be permitted to amend her declaration. The request was
granted. An amended declaration was filed, which defendant,
Robert A. Young, moved to strike from the files, on the ground,
among other things, that "the amended declaration is simply a
verbose and frivolous restatement of the cause of action at-
tempted to be set up by the declaration without the addition of
any material averments."

A comparison of the original and amended declarations fully
sustains the holding of the court below that "the amended dec-
laration states no different cause of action than that set forth
in the original declaration; that is to say, it states no different
cause of action that might be permitted in an amended declara-
tion growing out of the same set of facts alleged in the original
declaration and admitted to be established. by the plaintiff's
testimony thereunder." Indeed, plaintiff, in her brief, says of
the amended declaration that "the narr. was amplified, but the
cause of action as stated was in substance the same" as in the
original declaration. An amended declaration which contains
no additional material averments which, if true, would, on the
issue, present a different state of facts for the consideration of
the jury than that adduced under the original declaration,
amounts to no amendment at all, and does not entitle plaintiff
to a second trial. "The request to withdraw a juror and to dis-

charge the jury because a declaration is found to be imperfect, and the grant of such request upon the condition that the declaration will accordingly be amended, coupled with a subsequent refusal without just cause to make the amendment and the purpose necessarily incident thereto to go to another trial by jury without amendment, might justly be regarded as a juggling with the administration of justice and a fraud upon the rights of other parties, for which a dismissal would be eminently proper, if such course were not pursued, as we believe it was in this case, in good faith. But whether pursued in good faith or in bad faith, it is a practice that cannot be allowed." *Jackson* v. *Emmons,* 13 App. D. C. 269. As nothing new was presented in the amended declaration, the court was right, on the authority of the case above cited, in denying another trial.

As this disposes of the appeal, it is unnecessary to consider the other questions presented.

The judgment is affirmed, with costs.                    *Affirmed.*


Mr. Chief Justice SMYTH dissenting:


I cannot concur in the judgment just rendered, and state my reasons briefly. The trial court continued the case without limitation or condition of any kind whatever. This, in my opinion, placed it back precisely where it was before the trial had been entered upon, and all that had been done in the way of a trial up to that time was blotted out and went for naught. Upon finding that the so-called amended declaration was not in fact an amendment, but a mere elaboration of the original, the court was justified in striking it from the files, but it should not have dismissed the case.

The original declaration had not been abandoned. It stated a cause of action; at least there is no decision that it did not. We must assume for the purpose of this review that it set forth facts which, if true, entitled the plaintiff to recover, yet she is denied that right and her case is dismissed out of court,—dismissed without a judgment of record that either her declaration, or her evidence in support of it, was insufficient to sustain a judgment in her favor.

Of course, if the court had given the plaintiff the choice of proceeding to judgment at the close of her testimony, or of taking a continuance for the purpose of making an amendment with the understanding that if she failed to amend her case would be dismissed, the court would be justified in dismissing it in the event that she did not amend. Under those circumstances she would have made an election between two courses, and would have to bear the consequences of the course chosen. But that, as I have shown, is not what took place. No condition at all was imposed.

I do not think that *Jackson* v. *Emmons,* 13 App. D. C. 269, much relied upon in the majority opinion, can be used with effect against my views. It seems to hold (1) that the failure to amend was a ground for dismissal, but said (2) that the dismissal it was reviewing was "evidently based, not so much on the refusal to amend, as on the refusal to pay costs." It went to the Supreme Court of the United States and was reversed. 176 U. S. 532, 44 L. ed. 576, 20 Sup. Ct. Rep. 465. If the dismissal was proper on either ground indicated by this court, the case would have been affirmed. On the other hand, since it was not affirmed, we must infer both grounds were rejected,— that neither was sufficient to support the judgment. And that being so, the decision of this court in that case can no longer be cited as an authority. Besides, I think, the decision of the Supreme Court clearly upholds the conclusion which, in my opinion, should be adopted here. It says: "If the original order granting leave to amend had been made conditional upon the payment of costs, the plaintiff might or might not have accepted it. * * * Whatever conditions or rights the defendant was entitled to in consequence of the motion [to withdraw a juror, continue the case, and amend] should have been asserted and adjudged when the plaintiff's motion was made. If such rights had been asserted the plaintiff would have had a choice of yielding or not yielding to them, which afterwards could not be exercised." So here, if the original order had been conditional the plaintiff "might or might not have accepted" it.

To impose a condition later, which was not mentioned or contemplated at the time the order was made, and, upon plain-

tiff's failure to satisfy it, to deny her the right to have the judgment of the trial court, and of this court if she was not satisfied with that judgment, upon the merits of her contentions, was, in my opinion, unwarranted. The trend of both modern legislation [Judicial Code, sec. 274a, 38 Stat. at L. 956, chap. 90, Comp. Stat. 1916, sec. 1251a] and juridical thought [new equity rules] is that every litigant shall have the fullest opportunity, upon reasonable conditions, to invoke and receive the court's judgment upon his cause as he desires to make it, and that nice distinctions and technical rules shall not be permitted to block his path. In my judgment the case should be reversed.

A motion for a writ of error to the Supreme Court of the United States was denied May 29, 1918.