272

## AMERICAN SURETY CO. OF NEW YORK et al. v. SAVANNAH CREOSOTING CO.

Circuit Court of Appeals, Fifth Circuit. October 28, 1929.

No. 5697.

David C. Barrow, of Savannah, Ga., and James B. Murphy, of Columbia, S. C., for appellants.

E. Ormonde Hunter, of Savannah, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the appellee, Savannah Creosoting Company, against the appellant American Surety Company of New York, the surety on a bond given by L. A. Chitwood & Co., and J. L. Carroll, contractors, and said contrac-tors, to recover an amount, $13,690.92, claimed to be due to appellee from the contractors for material furnished and services rendered, with interest on that amount from the 1st day of November, 1926, at the rate of 7 per cent. per annum. By pleadings appellants put in issue allegations of appellee's petition, and set up offsets and counterdemands in favor of the contractors. By stipulation in writing, a jury was waived, and the issues were tried by the court without the intervention of a jury. The bill of exceptions shows that in the trial appellants "admitted the correctness of the account of the plaintiff, and a prima facie case for the plaintiff," and that appellee admitted that it was indebted to appellants in the amount of $734.76, and that appellants were entitled to credit for that amount. Upon the conclusion of the evidence, appellee moved the court to strike all of the claims of the appellants for damages or set-off, except for the $734.76 above mentioned, and to render judgment in favor of the appellee, on the ground that there was not sufficient legal evidence offered by appellants to sustain any item claimed in their behalf. After the court had announced that that motion would be granted, appellants moved the court to make a special finding of facts, and excepted to the failure of the court to make such special finding. After the rendition of judgment in favor of appellee against appellants for the sum of $12,956.16, with interest at 7 per cent. per annum from November 1, 1926, the appellants excepted to the entering of that judgment. By assignments of error, the appellants complain of: (1) The action of the court in striking the claims of appellants for damages and set-off, with the exception above mentioned; (2) the refusal of the court to make special findings of fact; and (3) the allowance of interest on the amount of the judgment from November 1, 1926.

In effect the action of the court in sustaining the motion of the appellee to strike the counterclaims of the appellants, with the exception stated, on the ground that there was no sufficient evidence to sustain any item of those counterclaims, was a finding or verdict against those counterclaims. The maintenance of those counterclaims was dependent upon testimony of witnesses. There being no special findings of fact by the court, such a general finding has the effect of a verdict of a jury (U. S. Code, tit. 28, § 773 [28 USCA § 773]), and is not subject to be reviewed on appeal, in the absence of any insufficiency in the complaint or petition. Vicksburg, etc. Ry. Co. v. Anderson-Tully

Co., 256 U. S. 408, 41 S. Ct. 524, 65 L. Ed. 1020.

The above-cited statute expressly providing that the finding of the court upon the facts may be either general or special, the court was not required to grant the request of appellants for special findings of fact. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478; Berwind-White Coal Min. Co. v. Martin (C. C. A.) 124 F. 313.

The record does not show that the attention of the court was directed to the question as to the date from which the amount adjudged in favor of the appellee should bear interest. As above indicated, the petition claimed interest from the 1st day of November, 1926, at the rate of 7 per cent. per annum on the sum alleged to be due. In the absence of any action by appellants calling the court's attention to the question of the time from which the amount adjudged should bear interest, it fairly was to be implied from the admission of appellants of a prima facie case for the appellee that appellants did not controvert the right of appellee to interest from the date alleged in the petition on a balance found to be due to it after deducting the amount of counterclaims admitted or sustained. In the circumstances disclosed by the record, the court is not chargeable with error for awarding interest from November 1, 1926.

We conclude that the judgment is not subject to be reversed on any ground urged. That judgment is affirmed.