**HENDRIE v. TURPEN.**
No. 415.

Circuit Court of Appeals, Tenth Circuit.

May 27, 1931.

W. W. Grant, Jr., Erl H. Ellis, Morrison Shafroth, and Henry W. Toll, all of Denver, Colo., for appellant.

M. A. Kline, of Cheyenne, Wyo., and Oscar O. Natwick, of Wheatland, Wyo., for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This action brought by appellee (hereinafter called plaintiff) against appellant (hereinafter called defendant) is in two counts; the first to recover damages for breach of a contract made between the parties for the construction of a hotel building in Lusk, Wyoming; the second count is for materials and labor furnished and performed by plaintiff for defendant before the contract is alleged to have been breached by defendant ordering plaintiff to cease work under the contract. The contract price agreed to be paid was $51,237.52. Defendant confessed judgment on the second count, hence it needs no further consideration.

A jury to try the issues on the first count was waived and the matter was tried and determined by the court, resulting in a judgment in favor of plaintiff for $11,459.57 on the two counts. Defendant appeals.

After the trial of the case the court took the matter under advisement, made a general finding of the facts in favor of plaintiff on which the judgment was entered.

While the trial court had the case under advisement, and on August 5, 1930, defendant moved the court to make certain findings of fact and conclusions of law, which motion was denied and only general findings were made.

The errors as shown assigned in the record are fifteen in number. As appellant's brief fails to specify the assigned errors on which he relies, the errors assigned may be treated as a whole.

█ When in an action at law in a national court a jury is waived and the case is tried to the court, while the court may from the evidence make special findings of fact it is not required to do so. Mercantile Ins. Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Ozark Pipe Line Corporation v. Decker (C. C. A.) 32 F.(2d) 66; Cross Company v. Texhoma O. & R. Co. (C. C. A.) 32 F.(2d) 442; Denver Live Stock Com. Co. v. Lee (C. C. A.) 18 F.(2d) 11, 16; Ewert v. Thompson (C. C. A.) 281 F. 449; American Surety Co. v. Savanah Creosoting Co. (C. C. A.) 35 F.(2d) 272; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478.

"Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." 28 USCA § 773.

In Denver Live Stock Com. Co. v. Lee, supra, Circuit Court of Appeals, Eighth Circuit, said: "The court did not err in denying the request of the defendants for special findings. 'The making of special findings of fact in an action at law tried by the court on a waiver of a jury is discretionary with the trial court, and its action in making such findings, in refusing to make requested findings, or in refusing to amend findings made, is not subject to exception, or to a subsequent review in a federal appellate court.' "

In Ozark Pipe Line Corporation v. Decker, supra, it is said: "A jury was waived by a stipulation in writing. A judgment was rendered in favor of the plaintiff. The defendant assigns as error that the court refused findings of fact which it had requested, but, where a trial by jury is waived by a written stipulation, the refusal of findings of fact tendered, even though they are correct deductions from the pleadings and evidence, is not error, because the making of special findings of fact is entirely discretionary with the court."

It therefore follows the assignments of error based upon the refusal of the court to make special findings, or in refusing to find, are not reviewable here, and may be denied.
█ When a case is tried by the court without the intervention of a jury, as this case was tried, and there are no findings of fact made save a general finding for the one party or the other, there is no right of review by an appellate court except as to the rulings of the court made during the progress of the trial excepted to at the time and presented by the bill of exceptions. This proposition is abundantly supported by authority. Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 S. Ct. 55, 46 L. Ed. 113; Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 37 L. Ed. 373; Vicksburg, etc., Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, 41 S. Ct. 524, 65 L. Ed. 1020; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47.

In Cooper v. Omohundro, supra, Mr. Justice Clifford, delivering the opinion of the court, said: "Where issues of fact are submitted to the Circuit Court and the finding is general, nothing is open to review * * * except the rulings of the Circuit Court in the progress of the trial, and * * * the phrase 'rulings of the court in the progress of the trial' does not include the general finding of the Circuit Court nor the conclusions of the Circuit Court embodied in such general finding."

The reason for this rule is well stated in the case of Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63. Judge Sanborn, delivering the opinion of the court, said: "There is another reason why no reviewable question of law is presented to this court in this case. A trial court is entitled to a clear specification by exception of any ruling or rulings which a party challenges and desires to review, to the end that the trial court itself may correct them if so advised, and, if it fails to do so, that there may be a clear record of the rulings and the challenges thereof. For this purpose a rule has been firmly established that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling."

In the record we find not a single exception to any ruling of the trial court. The trial court's attention was never in any way called to any of these alleged errors and was never given a chance to consider them or correct them. Under such a state of facts there is nothing in this record for review.

It follows, the judgment of the trial court must be affirmed.