### MASON et al. v. UNITED STATES.

#### (Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

#### No. 4142

1. APPEAL AND ERROR ☞854—REVIEW—REASONS FOR DECISION.

   Assignments of error must be based on the court's rulings, and not on its reasons therefor, as stated in a memorandum opinion filed by the court.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3424, 3427–3430; Dec. Dig. ☞854.]

2. APPEAL AND ERROR ☞671—RESERVATION OF GROUNDS OF REVIEW—FINDINGS OF FACT AND DECLARATIONS OF LAW.

   Under Rev. St. U. S. § 700, providing that, when an issue of fact is tried without a jury, the court's rulings in the progress of the trial, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed upon a writ of error or appeal, and that when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment, where no ruling appeared in the record except the judgment, and no findings of fact or declarations of law were requested, the trial court's views regarding the law and the evidence could not be reviewed, as the judgment so far as it could be called a finding was equivalent to a verdict, and not the subject of exception.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. ☞671.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of Iowa; Thomas C. Munger, Judge.

Action by the United States against Edward R. Mason and others. Judgment for plaintiff (211 Fed. 233), and defendants bring error. Affirmed.

Roy E. Cubbage, of Des Moines, Iowa (Read & Read, of Des Moines, Iowa, on the brief), for plaintiffs in error.

Sylvester R. Rush, of Omaha, Neb., for defendant in error.

Before CARLAND, Circuit Judge, and YOUMANS, District Judge.

CARLAND, Circuit Judge. This is an action at law to recover from Edward R. Mason, late clerk of the Circuit Court of the United States for the Southern District of Iowa, certain moneys claimed to be due from him to the United States. A jury was duly waived in writing and the case tried to the court. After hearing the evidence and giving the case due consideration, the following judgment was rendered:

"On this day this cause came on for further hearing, plaintiff appearing by Sylvester R. Rush, its attorney, and the defendants by Read & Read and Roy E. Cubbage, their attorneys, and it is thereupon ordered, adjudged, and decreed by the court that the United States of America have and recover of and from Edward R. Mason and the United States Fidelity & Guaranty Company of Baltimore, Md., the sum of $358.79, together with the costs of this action taxed at $————, to which finding, judgment, and entering thereof both the plaintiff and the defendants and each of them in open court and at the time except."

[1, 2] There were no requests for findings of fact, either general or special, by either party, nor any requests for declarations of law. The judgment above quoted is the only ruling of the court appearing in the record. The court filed a memorandum opinion which appears in the record, but it is what the trial court does, not its reasons therefor, which must form the basis of an assignment of error. It is stated in the record that in rendering the judgment herein the court refused to hold that the matters pleaded in counts 3, 4, and 5 of defendant's amended answer, constituted a good defense to the complaint of the plaintiff, and rendered judgment against the defendant for a sum which included the balance as shown by the evidence in the record not to have been disbursed by the defendant or turned over to or delivered by him to his successor in office, and that defendants excepted to this ruling. It is again stated that in rendering the judgment in this action the court included the balance testified to by the examiner as set out in certain equity cases and held that paragraph 3 of defendant's answer was not a good defense thereto, to which finding and holding the defendant excepted.

It plainly appears, however, that the only time the court ruled was when it entered the judgment, and, if when the court entered the judgment it did so by reason of certain views it had in regard to the law and evidence, it was too late after judgment to raise the question as to whether these views were correct or not, unless counsel had placed the court upon record before the end of the trial in regard to the same. In form there were no findings made by the court either general or special, unless we consider the judgment entered a general finding,

which seems to have been the view of the court and of counsel. Under the law this judgment, so far as it can be called a finding, was equivalent to the verdict of a jury and was not the subject of exception. Section 700, R. S. U. S., provides as to what rulings in a case tried to a court, without a jury, may be reviewed by this court. This court has, with what might seem to be tiresome repetition, established rules for the guidance of counsel as to how these questions may be preserved and reviewed. Experience teaches that it would serve no useful purpose to repeat these rulings. We content ourselves with again citing the cases. In the Supreme Court; Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Santa Anna v. Frank, 113 U. S. 339, 5 Sup. Ct. 536, 28 L. Ed. 978; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734, 29 L. Ed. 898; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Betts v. Mugridge, 154 U. S. 644, Append., 14 Sup. Ct. 1188, 25 L. Ed. 157; Insurance Co. v. Sea, 21 Wall. 158, 22 L. Ed. 511; Wilson v. Merchants' Loan & Trust Co. of Chicago, 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113. In this court: Mercantile Trust Co. v. Wood, 60 Fed. 346, 8 C. C. A. 658; United States Fidelity & G. Co. v. Board of Commissioners, 145 Fed. 144, 76 C. C. A. 114; National Surety Co. v. United States, etc., 200 Fed. 142, 118 C. C. A. 360; Seep v. Ferris-Haggarty Copper Mining Co., 201 Fed. 893, 120 C. C. A. 191; Eastern Oil Co. v. Holcomb, 212 Fed. 126, 128 C. C. A. 642.

The record presenting no question which we can review, the judgment is affirmed. And it is so ordered.