## McCLAY v. FLEMING.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1921.)

No. 5630.

**Appeal and error ⊕═849(2)—Requests for findings necessary to review in case tried to court by stipulation.**

Where an action at law is tried to the court by stipulation under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), in the absence of any request by the defeated party for findings of fact or law in his favor and rulings thereon, there is no question for review by the appellate court, except as to the admission or rejection of evidence.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by W. S. Fleming against J. O. McClay. Judgment for plaintiff, and defendant brings error. Affirmed.

John A. Blevins, of St. Louis, Mo. (A. M. Keene, of Ft. Scott, Kan., on the brief), for plaintiff in error.

David N. Taylor, of Kansas City, Mo., for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. This was an action at law, commenced by Fleming against McClay to recover the value of a stock of general merchandise delivered to McClay in pursuance of a contract that in consideration for said merchandise McClay would deliver to Fleming 49 shares of the capital stock of the Delphi Oil & Gas Company; Fleming claiming that he was entitled to rescind the contract for the nondelivery of the stock as agreed. A jury was duly waived, and the case tried to the court, which, after a consideration of the evidence, rendered judgment against McClay in the sum of $2,500. Counsel for Fleming has filed a motion to dismiss the writ of error for noncompliance with the rules of this court in regard to the assignments of error. The grounds of the motion are well taken. Rules 11 and 24 of this court (188 Fed. ix, xvi, 109 C. C. A. ix, xvi). The assignments of error present nothing for review.

There is, however, a more serious difficulty with the record because it goes to our jurisdiction to consider the case at all. There was no request by the defendant, before the court below rendered its judgment, to find the facts in his favor, or to declare the law in his favor, and of course no ruling by the court. If counsel would only consult the Revised Statutes of the United States, and the decisions of this court and of the Supreme Court, where the proper procedure to be taken in a trial to the court, where a jury is waived, in order to review alleged errors, is stated, this court would be saved much trouble and annoyance, and counsel could have their cases reviewed; but as long as they insist on ignoring the statutes and decisions there can be but one result. This court has at every term of court practical-

ly spoken upon the subject. In Mason v. U. S., 219 Fed. 547, 135 C. C. A. 315, the cases both in the Supreme Court and this court are cited. At the present term in U. S. v. A., T. & S. F. Ry., 270 Fed. 1, decided January 12, 1921, the whole matter is discussed and decided in line with our previous decisions.

We think that, instead of dismissing the writ of error, the proper practice would be, upon reviewing the whole record, to affirm the judgment below; and it is so ordered.