### LIBERTY OIL CO. v. CONDON NAT. BANK et al.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1921. Rehearing Denied May 12, 1921.).

No. 5642.

1. **Appeal and error** ⊙⟹237(6)—**Sufficiency of evidence not reviewable, where not raised in trial court by motion.**

Where an action at law is tried to the court by stipulation, the question whether the evidence is sufficient to sustain a general finding by the court is reviewable in the appellate court only when it was raised in the trial court by motion to find the facts or to declare the law.

2. **Interpleader** ⊙⟹33—**Judgment of interpleader ends proceeding.**

Where, in an action at law, the answer of defendant is in the nature of a bill of interpleader, an order bringing in other parties as defendants and payment of the fund in controversy into court by the original defendant ends the interpleader proceeding, and the case may then proceed between the adversary parties, either at law or in equity, as the nature of the case may require.

Hook, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by the Liberty Oil Company against the Condon National Bank and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Charles G. Yankey, of Wichita, Kan., and Frederick W. Lehmann, of St. Louis, Mo. (Harry E. Karr and Edward M. Hammond, both of Baltimore, Md., on the brief), for appellant.

John J. Jones, of Wichita, Kan. (J. H. Keith, of Coffeyville, Kan., on the brief), for appellees.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. Appellant commenced this action as an action at law against the Condon National Bank to recover the sum of $100,000, which the bank held on deposit to be paid to either appellant or appellees as the terms of a contract between them should be or not be performed. The case, although an action at law, has been brought here by appeal, instead of by writ of error. Section 1649a, U. S. Comp. Stat. (39 Stat. 727), reads as follows:

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"No court having power to review a judgment or decree rendered or passed by another shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out, but when such mistake or error occurs it shall disregard the same and take the action which would be appropriate if the proper appellate procedure had been followed."

We therefore disregard the mistake, and take the action which would be appropriate, if the proper appellate procedure had been followed. The bank in its answer made the following allegations:

"That heretofore, and on the 24th day of May, 1918, the Liberty Oil Company, Incorporated, entered into a written contract with the Atlas Petroleum Company, a corporation, C. M. Ball, Isadore Litman, P. G. Keith, and J. H. Keith, a copy of which contract is attached to plaintiff's petition, marked Exhibit A, reference to which contract is hereby made, as a part hereof, as fully and to the same extent and with like effect as the herein full set out.  *  *  *

"That in accordance with and under and by virtue of said Exhibits A and B attached to plaintiff's petition, plaintiff paid to this defendant on the 24th day of May, 1918, the sum of one hundred thousand dollars ($100,000), which said sum said defendant now has in its possession and under its control: that this defendant has no interest whatever in said sum of $100,000, except to see that the same is passed into the hands of the parties entitled thereto, and to discharge itself of all liability under said instrument in writing, copy of which is attached to plaintiff's petition, marked Exhibit B.

"That the plaintiff herein has demanded of the defendant the said sum of $100,000, and that the said Atlas Petroleum Company, C. M. Ball, Isadore Litman, P. G. Keith, and J. H. Keith have likewise and also demanded that the defendant herein pay and deliver to them the said $100,000, so deposited with this defendant under said Exhibit B of plaintiff's petition.

"This defendant, not knowing who is justly entitled to said sum of $100,000, has heretofore refused to pay or deliver the same to either the plaintiff or the said Atlas Petroleum Company, C. M. Ball, Isadore Litman, P. G. Keith, and J. H. Keith, and now asks that the said Atlas Petroleum Company, C. M. Ball, Isadore Litman, P. G. Keith and J. H. Keith, and each of them, be made parties to this cause, and brought into this action, and required to set up their claim to said sum of $100,000."

The case subsequently came up for hearing upon the petition of appellant and the answer of the bank. The court ordered that appellees other than the bank be made parties to the action and that they should set up their claim or interest in the fund in controversy within 20 days. Appellees other than the bank by answer and cross-petition set forth their claim to the fund in controversy. Appellant answered the cross-petition. The bank paid the money into court and had nothing further to do with the controversy. The action between appellant and appellees other than the bank proceeded as an action at law, as it had been commenced. Seven months after issue joined the case was heard by the court, a jury being duly waived, under the statute allowing a jury to be waived in law actions. The court found generally for the appellees other than the bank, and awarded judgment in their favor for the $100,000 and interest then on deposit in the registry of the court. No equitable right or claim to the fund was pleaded by either appellant or appellees other than the bank.

[1] The only error insisted upon in this case is the sufficiency of the evidence to support the judgment, it being claimed that the evidence

271 F.—59

showed that appellees other than the bank did not furnish an abstract of title to the real estate upon which the leases sold were given that was marketable, there being an alleged defect in what is known as the Crippen, Lawrence & Co. tract. The question as to whether the evidence was sufficient to justify a finding in favor of appellees other than the bank was in no wise raised in the trial court, either by a request to find the facts or to declare the law. The evidence is in the record in the form of a bill of exceptions, a document unknown to a court of equity. The bill of exceptions does not disclose any ruling upon any request to find the facts or declare the law by the trial court.

[2] On writ of error, which ought to have been the process by which the case was removed to this court, our power to review is confined to rulings of the trial court in matter of law. No such rulings having been assigned and argued, there is nothing for this court to do, except to affirm the judgment below. Assignment of error No. 13, in relation to the admission of evidence, is not argued. It is claimed, however, that in some way the answer by the bank changed what was a proceeding at law into a proceeding in equity triable here de novo. We think this view is erroneous for the following reasons:

Assuming that the answer of the bank has the same standing as a bill of interpleader under section 274b, Judicial Code (38 Stat. 956 [Comp. St. § 1251b]), we can assume further that the answer was an equitable defense or proceeding, but that proceeding ended when the court ordered appellees other than the bank to be made parties. The bank paid the money into court and went its way, released from all liability. The proceeding at law between the other parties went on. It is well settled that when a judgment of interpleader is rendered it puts an end to that proceeding. The parties who are ordered to interplead may commence an action at law or in equity as the facts warrant. In this case the action at law had been commenced and proceeded on to judgment. That the order directing appellees other than the bank to be made parties to the suit commenced by appellant was an end of that proceeding is suported by Daniell's Chancery P. & P. vol. 2, p. 1568; Lynch v. St. John, 8 Daly (N. Y.) 142; Feldman v. Grand Lodge, A. O. U. W., 64 Hun, 636, 19 N. Y. Supp. 73; Hechmer v. Gilligan, 28 W. Va. 750. Of course, if it shall be claimed that the proceeding by the bank was in accordance with the laws of Kansas, the same result follows, because Code provisions in regard to interpleader are merely substitutes for the original bill in equity and are governed by the same principles. Atchison v. Scoville, 13 Kan. 17.

The proper procedure in actions at law tried by the trial court, where a jury is waived, has been stated at almost every term of this court. The cases bearing upon the subject, both in the Supreme Court and this court, are cited in Mason v. U. S., 219 Fed. 547, 135 C. C. A. 315, and in many cases since that case was decided; the last being U. S. v. A., T. & S. F. Ry., 270 Fed. 1, decided Jan. 12, 1921.

Judgment below affirmed.

HOOK, Circuit Judge, dissents.