### CHICAGO BONDING & INS. CO. v. CITY OF PITTSBURG, KAN.*

(Circuit Court of Appeals, Eighth Circuit. March 17, 1921.)

No. 5665.

1. **Appeal and error ⟝1054(1)—Admission of immaterial evidence in trial to court harmless error.**

   Evidence *held* immaterial to the issues, and its admission harmless error, in an action tried to the court.

2. **Trial ⟝420—Motion for directed verdict waived by introduction of evidence.**

   A motion by defendant for a directed verdict, made at the close of plaintiff's evidence, is waived by the introduction of evidence by defendant. ·

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by the City of Pittsburg, Kan., against the Williams Construction Company and the Chicago Bonding & Insurance Company. Judgment for plaintiff, and defendant Bonding Company brings error. Affirmed.

Paul R. Stinson, of Kansas City, Mo. (J. J. Campbell, of Pittsburg, Kan., and John T. Harding, Buckner F. Deatherage, and David A. Murphy, all of Kansas City, Mo., on the brief), for plaintiff in error.

C. O. Pingry, of Pittsburg, Kan. (Arthur Fuller, of Pittsburg, Kan., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. This is an action brought by the city of Pittsburg, Kan., against the Williams Construction Company and the Chicago Bonding & Insurance Company to recover damages for the failure on the part of the Construction Company to perform a paving contract. A jury was duly waived and the case tried to the court, which after hearing the evidence rendered a judgment against the Construc-

---

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied June 21, 1921.

tion Company and the Insurance Company for the sum of $10,625. The following is a copy of the specification of errors relied on by the Insurance Company:

### Specification of Errors.

The following is the assignment of errors relied on and intended to be urged:

(1) The judgment of the court herein, in favor of the plaintiff and against this plaintiff in error, is contrary to the law, is contrary to the evidence and against the weight of the evidence, and is unsupported by any evidence.

(2) The court erred in not setting aside its judgment for the reason that there was no evidence upon which to sustain its judgment.

(3) The court erred in overruling the motion of the defendant, Chicago Bonding & Insurance Company, to set aside the judgment and grant a new trial.

(4) The court erred in admitting evidence on behalf of the plaintiff and against the defendant (this plaintiff in error), over its objections and exceptions, tending to prove that the plans and specifications for National pavement in question were not the plaintiff city's, were a patented pavement, and that such plans and specifications came through the defendant Williams Construction Company, and that the Williams Construction Company and the patentee were promoting the pavement; such evidence being as follows:

"By Mr. Pingry: Q. Do you know where these plans and specifications and formula for this National pavement came from, or who prepared it?

\*　\*　\*

"By Mr. Stinson: The defendant objects to that question for the reason that the pleadings, the admissions of plaintiff contained in the exhibits already offered, show conclusively that the plans and specifications were those of the city. \*　\*　\* That any evidence as to who might have prepared them, in conflict with the recitals in the contract, resolution and ordinance, is not binding on the defendant bonding company."

Objection overruled—exception allowed.

"A. The question cannot be answered by yes or no. The plans and specifications came to me through the agent of the patentee and the Williams Construction Company, who were promoting this pavement together at the time, and the specifications were the result of experimentation and development on the part of the patentee, and I think he was assisted by a consulting engineer."

[1] The evidence taken at the trial is contained in the record in what is called a bill of exceptions. This bill of exceptions does not show anywhere that any ruling was requested or made upon which to base specifications 1 and 2. No request was made of the trial court to find the facts or declare the law in favor of the defendants. So far as specification No. 3 is concerned, it raises no question reviewable in this court. The error complained of in specification No. 4 is without merit. The answer of the witness in a trial to the court could not have prejudiced the defendants. The question as to whether National pavement mentioned in the contract was a patented pavement, or whether the specifications under the contract were furnished by the city, the Williams Construction Company, or anyone else, was immaterial. The court could probably take judicial notice as to who furnishes the specifications in applications for patents.

[2] Counsel for the Insurance Company did make a motion for a directed verdict at the close of the evidence for the plaintiff, but this was waived by introducing evidence after the same was overruled, and the motion was not again renewed. There is in the bill of exceptions

what is called an agreed statement of facts. This was introduced as Exhibit No. 15. There were 14 exhibits which preceded it, and both parties to this statement reserved the right to offer such other and supplemental testimony on any of the issues of the case as they might see fit. Exercising this privilege the plaintiff introduced in evidence 14 exhibits and the testimony of Mr. Curfman, consisting of about 20 printed pages of the record. The defendant called and had sworn five witnesses, whose testimony covers about 32 printed pages of the record, so that the case is not here on an agreed statement of facts.

No error appearing in the record, the judgment below is affirmed.