### GRANITE FALLS BANK v. KEYES.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1921.)

No. 5598.

1. **Appeal and error ⚖1054(1)—Admission of opinion evidence not prejudicial in trial to court.**

Admission of the opinion of a witness on a legal question *held* not prejudicial in a trial to the court.

2. **Appeal and error ⚖237(6)—Limitation of review on trial to court.**

On trial of an action at law to the court, where no finding or ruling was asked on the conclusion of the evidence, assignments that the court erred in directing judgment for one party and in not directing judgment for the other present no question for review under Rev. St. § 700 (Comp. St. § 1668).

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action at law by Paul C. Keyes, receiver of the First National Bank of Clarkfield, Minn., against the Granite Falls Bank. Judgment for plaintiff, and defendant brings error. Affirmed.

Bert O. Loe, of Granite Falls, Minn., for plaintiff in error.

J. N. Johnson, of Canby, Minn., for defendant in error.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. Paul C. Keyes, as receiver of the First National Bank of Clarkfield, Minn., brought this action in the court below against the Granite Falls Bank, plaintiff in error, to recover certain sums of money which it is alleged in his complaint were had and received by the Granite Falls Bank for the use and benefit of the said First National Bank of Clarkfield. The parties by stipulation in the court below waived a jury, and the case was tried to the court. Plaintiff had judgment, and the defendant Granite Falls Bank has brought the case to this court by writ of error.

The material facts of the case are these: One Piersol, who was the cashier of the Clarkfield bank, conducted the business of the bank without any real or effective supervision by the board of directors. For many years he had misapplied and embezzled the funds of the bank and by various devices had successfully covered up and concealed his defalcations until just prior to the appointment of the plaintiff as receiver by the Comptroller of the Currency in October, 1917.

Piersol, in his individual capacity and for his own use, borrowed money from the defendant bank. At a time when by his speculations he had misappropriated and embezzled a large part of the funds of the Clarkfield bank of which he was cashier, and was by reason of such misappropriations indebted to said bank in a very large amount, in his official capacity as cashier he drew cashier's checks against the funds of the Clarkfield bank to the order of officers of the defendant bank, and delivered the checks to such officers to be applied in payment of his personal indebtedness to the defendant, the Granite Falls Bank. The defendant bank presented the checks in due course to the Clarkfield bank for payment. They were paid by Piersol, the cashier, or by some officer of the bank acting under his direction, and the money so received applied by the defendant bank in payment of the personal indebtedness of Piersol to it.

[1] During the progress of the trial a witness was permitted to answer a question to which counsel for the defendant had interposed the objection that it called for "an opinion on a question of law." This ruling is assigned as error and is presented as a ground for a reversal of the judgment.

Without setting out the question and answer to which the objection was interposed, we conceive that, inasmuch as the cause was being tried to the court, no prejudice could have possibly resulted to the defendant by the answer of a layman to a question which called for an opinion on a question of law. The bare statement of the objection is sufficient to show its lack of merit.

[2] The only other assignments of error in the record are that:

"The court erred in directing judgment in favor of the plaintiff," and "The court erred in failing to direct judgment in favor of the defendant."

At the conclusion of the trial the plaintiff in error did not request of the trial court any declaration of law in its favor, or in any manner ask for or secure any ruling of the trial court to which the assignments above quoted might be applied.

These assignments present nothing for review, as the decisions of this court abundantly establish. Gartner v. Hays (C. C. A.) 272 Fed. 896; McClay v. Fleming (C. C. A.) 271 Fed. 472; Northrup Nat. Bank v. Title Guaranty & Surety Co. (C. C. A.) 271 Fed. 952; Chicago Bonding & Ins. Co. v. City of Pittsburg, Kan. (C. C. A.) 271 Fed. 678; Stoffregen v. Moore (C. C. A.) 271 Fed. 680; Liberty Oil Co. v. Condon Nat. Bank (C. C. A.) 271 Fed. 928; United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1; Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; Mason v. United States, 219 Fed. 547, 135 C. C. A. 315.

The judgment is affirmed.

Judge HOOK sat in the case, concurred in the conclusions reached, but died before this opinion was written.