### FIRESTONE TIRE & RUBBER CO. v. McCUTCHEON et al.

(Circuit Court of Appeals, Eighth Circuit. October 18, 1922.)

No. 5970.

1. **Appeal and error ⊚⇒850(2)—Limitation of review on trial to court.**

On trial of an action at law to the court after waiver of jury by stipulation, where no special findings were requested, an assignment of error that the court failed to render judgment for plaintiff in error and rendered judgment for defendant in error presents no question for review, under Rev. St. § 700 (Comp. St. § 1668).

2. **Evidence ⊚⇒258(1)—Receipt purporting to be signed by agent not admissible without proof of agency.**

A receipt signed with the name of defendant by another as agent held not admissible against defendant, in the absence of any evidence of such agency.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action at law by the Firestone Tire & Rubber Company against Gertrude M. McCutcheon and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Bernard M. Robinson, of Akron, Ohio (Amos C. Miller, of Chicago, Ill., on the brief), for plaintiff in error.

Donald C. McCreery, of Greeley, Colo. (James W. McCreery and Hubert D. Waldo, Jr., both of Greeley, Colo., on the brief), for defendants in error.

Before KENYON, Circuit Judge, and MUNGER, District Judge.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KENYON, Circuit Judge. This is a suit upon a covenant in a deed warranting against the existence of incumbrances upon the land conveyed by the deed. Plaintiff in error is a corporation organized under the laws of the state of West Virginia, and is a citizen of that state. Defendants in error are citizens of the state of Colorado.

On December 18, 1916, defendants in error were the owners of certain real estate located in Salt Lake City, Utah, described as follows:

"Commencing at the southeast corner of lot one (1), block sixty-one (61), plat A, Salt Lake City survey; thence north one hundred sixty-five (165) feet; thence west eighty-two and one-half (82½) feet; thence south one hundred sixty-five (165) feet; thence east eighty-two and one-half (82½) feet to the place of beginning."

Defendants in error on December 18, 1916, made and executed a certain negotiable promissory note for $7,500 to one Albert Fisher, and to secure the payment of said note executed a first mortgage of even date on said property. Subsequently Albert Fisher died leaving a will, and Alma Fisher and Frank Fisher were, by the order of the district court of the Third judicial district of Salt Lake county, Utah, appointed executors. These executors under order of court, sold and transferred said note and mortgage to what is known as the Fisher Corporation, and some time in December, 1919, said Fisher Corporation transferred said note and mortgage to plaintiff in error herein, the consideration being $7,500. In 1917 defendants in error sold the aforedescribed property to plaintiff in error for a consideration of $18,000 and made deed pursuant to the statutes of Utah. Plaintiff in error claims that defendants in error neglected to pay the note secured by the said mortgage, and that they took over the note to protect their property. On the other hand, defendants in error claim that the said note and mortgage are fully paid.

One Frank G. Carthey was the agent for defendants in error, and in October, 1917, said Carthey, at the office of one C. W. Johnson, turned over to one W. L. Sewell, manager of the Salt Lake branch of the Firestone Tire & Rubber Company, the deed to the Salt Lake City property hereinbefore described. Sewell turned over to C. W. Johnson at that time a check for $17,750, which was payable to the Johnson Realty Company. Johnson and Carthey went to the bank with said check, and Johnson gave to Carthey a draft for the consideration of the deed, less commission, taxes, cost of bringing abstract to date, and less the amount of the Fisher mortgage, with accumulated interest. This draft in the sum of $9,956.53 was sent by Carthey to the defendants in error; $250 of the consideration had before that time been paid. C. W. Johnson retained the necessary amount to pay the Fisher mortgage, but never paid it, although for some time he kept up the interest on the same out of the funds of the Johnson Realty Company.

It is claimed by plaintiff in error that Johnson was the agent of defendants in error, and that the act of Johnson in retaining the money and not paying the note and mortgage is chargeable to the defendants in error. On the other hand, defendants in error make the identical

claim that Johnson was agent of plaintiff in error, and that, when he retained out of the consideration paid by plaintiff in error the amount necessary to pay the Fisher mortgage, he retained it as the agent of plaintiff in error, and that the failure on his part to pay said note and mortgage is chargeable to plaintiff in error.

[1] At the threshold of this case we are presented with a jurisdictional question which challenges our authority to review the record and consider the case. The case was tried to the court below without a jury, and pursuant to a written stipulation. Section 1587, Compiled Statutes (Revised Statutes, § 649), provides that issues of fact in civil cases may be tried and determined by the court without the intervention of a jury, when the parties or attorneys file a stipulation waiving the jury, and that the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury. See, also, Revised Statutes, § 700 (Comp. St. § 1668). Plaintiff in error in this case did not make any requests of the court for favorable findings of fact or declarations of law. The judgment of the court may be considered as a general finding, having the same effect as the verdict of a jury, and hence not the subject of an exception.

Nearly all of the assignments of error relate to the alleged failure of the court to enter judgment for plaintiff in error and against defendants in error. These assignments are entirely too indefinite to present any question in this case as to the judgment and the evidence to support it, and as no special findings were requested there are no errors with relation to the judgment that can be considered by this court. This question has so frequently been before this and other appellate courts, and the holdings have been so uniform, that it would seem to serve no useful purpose to discuss it further. United States v. Atchison, Topeka & Santa Fé Railroad Co. (C. C. A.) 270 Fed. 1; McClay v. Fleming (C. C. A.) 271 Fed. 472; Stoffregen v. Moore, Collector of Internal Revenue (C. C. A.) 271 Fed. 680; Granite Falls Bank v. Keyes (C. C. A.) 277 Fed. 796; Ford v. Grimmett (C. C. A.) 278 Fed. 140; Stanley v. Supervisors of Albany, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Wilson v. Merchants' Loan & Trust Co. of Chicago, 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113.

[2] While the assignments of error as to the general findings of the court in this case bring no question to us for review in relation to the judgment and the evidence to support it, if exceptions were taken to rulings of the court as to the admission or rejection of evidence during the trial and properly preserved, they are here for review. Assignment of error No. 6 does raise such a question, and the same, we think, is properly before us for consideration. Assignment of error No. 6 is that the court erred in refusing to admit in evidence the receipt signed by Johnson as the alleged agent of the defendants in error, the same being identified as Exhibit G. This exhibit is a purported receipt given by C. W. Johnson to plaintiff in error, on which is the name "Gertrude M. McCutcheon," one of the defendants in error, signed by C. W. Johnson as her agent. This raises the question squarely which goes to the very heart of the case, namely: For whom was Johnson agent, and had he any authority to bind defendants in error.

If he had no such authority, and no authority to sign the name of Gertrude M. McCutcheon, then the action of the court was correct in sustaining the objection to the admission of Exhibit G in evidence. We think there is no evidence in the record whatever to sustain any claim that C. W. Johnson was the agent of defendants in error. He did not have the property listed for sale. He was endeavoring to secure the property for plaintiff in error at as low a price as possible, transmitting at one time to Carthey, who was the agent of defendants in error, an offer of $12,500, which Carthey refused to even submit to defendants in error. Later he increased the offer, evidently made on behalf of plaintiff in error, to $16,000. He afterwards reported to Sewell, who was the manager of the Utah branch office of plaintiff in error, that the defendants in error would take $18,000 for their property.

The cross-examination of Johnson, as appears in the record, is sufficient to show that he was not acting as agent for defendants in error. Carthey, who was their agent, had no authority to employ Johnson, and there is no evidence to show that he ever attempted to do so. The draft or check from plaintiff in error for the consideration of the property was made payable to Johnson. Sewell relied on Johnson to pay the mortgage and secure cancellation thereof. He made no inquiry as to Johnson's authority to act for defendants in error. He gave the money to Johnson, and looked to him to clear the record. He would hardly have given the money to defendants in errors' agent and relied on him to cancel the mortgage. Instead of the evidence in any way establishing the relation of agent between Johnson and defendants in error, it tends to show that he was the agent of plaintiff in error, and that plaintiff in error delivered the check for $17,750 to Johnson for the purpose of Johnson acting for them and paying over to McCutcheons the balance after seeing to the discharge of the mortgage. He was intrusted by plaintiff in error with the money to take care of these matters. The only evidence that could be claimed to in any way show any semblance of agency would be the fact that out of defendants in errors' money came Johnson's commission, or a part at least thereof. This was a matter apparently arranged between Carthey and Johnson, and defendants in error, so far as the record shows, had no knowledge that they were paying any part of Johnson's commission. As there is no evidence to show that Johnson was acting as agent of defendants in error, or that he had any authority from Gertrude M. McCutcheon to sign her name, or bind her in any way, the court was clearly correct in not permitting Exhibit G to be introduced.

The judgment of the trial court is affirmed.